UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GLENDA MAYZE PLAINTIFF

V. CIVIL ACTION NO. 3:25-CV-340-KHJ-MTP

PARK WIND APARTMENTS LLC, et al. DEFENDANTS

ORDER

Before the Court is Plaintiff Glenda Mayze's [11] Motion to Remand. The Court grants the motion and remands this case to the Circuit Court of Hinds County.

I. Background

Mayze lived at Park Wind Apartments in Jackson, Mississippi. First Am. Compl. [1-1] ¶ 10. In July 2022, she fell on Park Wind's "collapsed, underwater sidewalk"; in December 2022, she sued Park Wind and its prior manager for negligence; and in September 2024, she won an $876,379.31 verdict. *Id.* ¶¶ 10–12.

And in December 2024, Park Wind's new property manager—Bryanna Kennedy—allegedly served Mayze with eviction papers "due to [Mayze's] complaints and litigation against the property . . . ." *Id.* ¶ 13. What's more, Mayze alleges:

> When Plaintiff was forced to relocate on short notice she was made aware that Park Wind Apartments had incorrectly charged Plaintiff and created a judgment against Plaintiff in Hinds County Justice Court for past due rent in 2021. Plaintiff went back to Defendant Kennedy and Defendant Kennedy confirmed Plaintiff owed no balance due on back rent and Plaintiff had a zero balance with Park Wind. Yet, the judgment still existed and was affecting Plaintiff's credit and ability to move into

> a new apartment. Defendant Kennedy and prior managers were aware of the judgment and promised to have it removed from the city records or withdrawn. Defendants, including Defendant Kennedy, never followed up on their promise to remove the judgment Defendants secured against Plaintiff. Plaintiff desired to stay in the same school area so her child could remain in the same middle school. Plaintiff was forced to rent an apartment in a short period of time and to pay higher rent.

*Id.* ¶ 14; *see also id.* ¶¶ 23–24 (alleging that Kennedy, despite her "assumption of duty," failed to correct the "incorrect" judgment for "unpaid rent in 2021 when the rent was paid").

Mayze sued in state court, naming four Defendants: Park Wind Apartments LLC, Oakland Management Corp. d/b/a Beztak Properties, Bryanna Kennedy, and Lona Black. *Id.* ¶¶ 1–5. Mayze, Kennedy, and Black are Mississippi citizens; Park Wind and Oakland are not. *See, e.g.*, *id.*; Notice of Removal [1] ¶¶ 23–26.

Park Wind and Oakland removed based on diversity jurisdiction, arguing that Kennedy and Black were improperly joined. [1] ¶¶ 5–26. Mayze moved to remand, arguing (among other things) that she stated a negligence claim against Kennedy, who "was aware of the judgment for unpaid rent and promised to have it removed from the city records but never followed up on her promise to remove the judgment . . . ." Mem. Supp. Mot. [12] at 15; *see also* Mem. Supp. Reply [22] at 8–9.

II. Standard

The improper-joinder doctrine is a "narrow exception" to Section 1332(a)'s complete-diversity requirement. *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005). A removing defendant "bears a heavy burden" to establish improper joinder. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

To carry that burden, a defendant must show that there is "no possibility of recovery by the plaintiff against an in-state defendant . . . ." *Id.* at 573. Put differently, a defendant must demonstrate that there is "no reasonable basis" for the Court to predict that the plaintiff might be able to recover. *Id.* "The [C]ourt may conduct a Rule 12(b)(6)-type analysis" to make that determination. *Id.*

Typically, that inquiry "is virtually identical to the inquiry on a motion to dismiss for failure to state a claim." *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812 (5th Cir. 2021).[1] "Circuit precedent makes clear that removed state-court petitions are evaluated under the federal pleading standard." *Palmquist v. Hain Celestial Grp.*, 103 F.4th 294, 302 (5th Cir. 2024), *cert. granted in part*, 145 S. Ct. 1960 (2025). So "[t]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (citation modified). That standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Palmquist*, 103 F.4th at 304 (citation modified).

"As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citation modified). "The removal

[1] "[I]f it appears that the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, a district court can, in its discretion, pierce the pleadings and conduct a limited summary inquiry." *Williams*, 18 F.4th at 812–13 (citation modified).

statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82.

III. Analysis

The Court remands this case because Mayze has stated a negligence claim against Kennedy.

Negligence has four elements: duty, breach, causation, and damages. *Strickland ex rel. Strickland v. Rankin Cnty. Sch. Dist.*, 341 So. 3d 941, 945 (Miss. 2022) (en banc). "In Mississippi, it is well established that a duty can be assumed . . . [by] detrimental reliance on a gratuitous promise." *Lee v. Keller Williams Realty*, 247 So. 3d 293, 299 (Miss. Ct. App. 2017) (citing *Doe v. Hunter Oaks Apartments, L.P.*, 105 So. 3d 422, 427 (Miss. Ct. App. 2013)).[2]

Mayze has stated a negligence claim against Kennedy. As to duty, Mayze alleges that Kennedy "promised to have [the incorrect rent judgment] removed from the city records or withdrawn." [1-1] ¶ 14. And based on the [1-1] First Amended Complaint's factual allegations, the Court may reasonably infer that Mayze detrimentally relied on Kennedy's promise by, for instance, not asking other Park Wind employees to remove the judgment or taking legal action in Justice Court herself. *See id.* ¶¶ 14, 24 (alleging that the judgment "remain[s] on the records," which indicates that Mayze relied on Kennedy's alleged promise to remove the

[2] "An employer and employee are jointly and severally liable for injuries caused by the negligence of the employee." *Methodist Healthcare-Olive Branch Hosp. v. McNutt*, 323 So. 3d 1051, 1056 (Miss. 2021) (en banc). "Therefore, a plaintiff alleging injury attributable to an employee's negligence has the option to sue the employee, the employer, or both." *Id.*

judgment).[3] As to breach, Mayze alleges that Kennedy "never followed up on [her] promise . . . ." *Id.* ¶ 14; *see also id.* ¶¶ 23–24.[4] As to causation, Mayze alleges that Kennedy's broken promise caused Mayze difficulty in finding a new apartment, which resulted in Mayze paying higher rent. *Id.* ¶ 14. And as to damages, Mayze alleges that she has suffered monetary losses (e.g., higher rent) and emotional distress. *Id.* So Mayze has stated a negligence claim against Kennedy.

Defendants offer three responses. First, they say that the judgment "was not 'incorrect.'" [18] at 12. But at the pleading stage, the Court must accept Mayze's factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, they say that there was "no duty under Mississippi law for a judgment creditor to cancel the judgment legally obtained." [18] at 12; *see also id.* at 12 n.2. But "[i]n Mississippi, it is well established that a duty can be assumed . . . [by] detrimental reliance on a gratuitous promise." *Lee*, 247 So. 3d at 299. And finally, they say that "[e]ven if there had been a verbal 'promise' or other understanding that the judgment would be addressed, there was no consideration to create a binding agreement." [18] at 12. But "a duty can be assumed in two ways, by contract or

---

[3] Based on the [1-1] First Amended Complaint's factual allegations, there is "a reasonable expectation that discovery will reveal evidence of" Mayze's detrimental reliance. *Palmquist*, 103 F.4th at 304 (citation modified); *see also Gasch*, 491 F.3d at 281–82 ("[A]ny doubt about the propriety of removal must be resolved in favor of remand."). Indeed, Defendants do not address, much less dispute, detrimental reliance; they argue only that "there was no consideration to create a binding agreement." [18] at 12.

[4] To the extent that Mississippi law is ambiguous as to whether "detrimental reliance" on "a broken promise alone (i.e., nonfeasance)" suffices to establish breach, *see Clausell v. Bourque*, 158 So. 3d 384, 390–91 (Miss. Ct. App. 2015), the Court must resolve "any ambiguities of state law" in favor of remand. *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (citation modified).

detrimental reliance on a gratuitous promise," and the second way does not require consideration. *See Lee*, 247 So. 3d at 299. For those reasons, Defendants fail to carry their "heavy burden of proving that [Kennedy's] joinder . . . was improper." *Smallwood*, 385 F.3d at 574.

Because Mayze has stated a negligence claim against Kennedy, and because the presence of "even a single valid cause of action . . . requires remand of the entire case," the Court remands this case. *Williams*, 18 F.4th at 815 (citation modified).

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Mayze's [11] Motion to Remand and REMANDS this case to the Circuit Court of Hinds County.

SO ORDERED, this 11th day of August, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE